UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANE BAXTER, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT COLLINS, an individual; ROBIN CHAPIN, an individual; ROBERT COLLINS, dba ROBERT COLLINS AND ASSOCIATES; ROBIN CHAPIN, dba ROBERT COLLINS AND ASSOCIATES; and ROBIN CHAPIN, dba POINTS OF LIGHT PHOTOGRAPHY,<br><br>　　　　　Defendants. | 3:09-CV-00171-LRH-VPC<br><br>ORDER |

　　　　Before the court is Defendant Robin Chapin's Motion for Summary Judgment (#15[1]).  In response, Plaintiff Lane Baxter has filed an "Emergency Motion for Order Denying Defendant Robin Chapin's Motion for Summary Judgment . . . ." (#19).  Defendant has filed a response (#21) to which Plaintiff replied (#22).

　　　　In her Emergency Motion (#19), pursuant to Federal Rule of Civil Procedure 56(f), Plaintiff asks the court either to (1) deny the motion for summary judgment or (2) grant her a continuance to oppose the motion for summary judgment.  Rule 56(f) allows a party opposing summary judgment

---

[1] Refers to the court's docket entry number.

who has not had sufficient time to complete discovery, to move for a continuance of the proceedings pending the completion of discovery. *THI-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir. 1980). To succeed under Rule 56(f), the moving party must demonstrate the following: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted).

The court finds that Defendant's Motion for Summary Judgment (#15) is premature. On September 25, 2009, Defendant filed the motion for summary judgment. However, the discovery cut-off date is not until December 22, 2009. Plaintiff served her initial discovery requests on September 25, 2009. Responses are not due until October 28, 2009, and no depositions have been taken. Because the parties are still involved in discovery and because Plaintiff has identified specific, material facts she hopes to elicit from discovery, the court will deny the motion for summary judgment without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion (#19) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (#15) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 20th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE