UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANE BAXTER, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT COLLINS, et al.,<br><br>　　　　　Defendants.<br>―――――――――――――――――――<br>ROBIN CHAPIN, an individual,<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>LANE BAXTER, an individual,<br><br>　　　　　Counterdefendant | 3:09-CV-00171-LRH-VPC<br><br>ORDER |

　　　Before the court is Defendant and Counter Claimant Robin Chapin's Motion for Summary Judgment (#29[1]). Plaintiff and Counter Defendant Lane Baxter has filed an opposition (#37) to which Chapin replied (#40). Chapin has also filed a motion to strike (#41) certain evidence Baxter submitted in support of his opposition. Baxter has filed an opposition (#42).

　　　On July 19, 2010, Baxter filed a Suggestion of Bankruptcy (#43), informing the court that

―――――――――――
[1] Refers to the court's docket entry number.

Chapin had filed a Petition in Bankruptcy in the United States Bankruptcy Court for the District of Nevada.  Upon the filing of a bankruptcy petition, an automatic stay applies to the commencement or continuation of judicial actions or proceedings "against the debtor." 11 U.S.C. § 362(a)(1).  In accordance with this provision, on July 20, 2010, an automatic stay was entered with regard to Chapin.

As a preliminary matter, the court must determine whether the automatic stay prevents the court from considering the motion for summary judgment.  Chapin seeks summary judgment on (1) Baxter's claim for copyright infringement and (2) Chapin's counterclaims asserted against Baxter for declaratory relief and conversion.  Because Baxter's claim against Chapin, the debtor, constitutes an action "against the debtor," the claim is stayed under § 362(a)(1).   To the extent that the motion seeks summary judgment on Baxter's claims against Chapin, at this time the court cannot consider the motion.

For purposes of the automatic stay, however, "a single case may include several 'actions and proceedings.'" *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995).  Thus, within a single case, some claims may be stayed, while others are not.  *Id.*  The court must "disaggregate" the particular claims, counterclaims, cross claims, and third-party claims to determine which claims are subject to the bankruptcy stay.  *Id.*

Generally, the automatic stay does not apply to claims asserted by the debtor.  *See id.* at 1138 (citation omitted) (finding claim by the debtor not stayed because "[i]t is a claim by, not against, the debtor, and its successful prosecution would 'inure to the benefit of the bankruptcy estate.'").  Nonetheless, the Ninth Circuit has held that "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case, dismissal of an action after the defendant has filed for bankruptcy violates the automatic stay." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995).

In this case, Chapin's counterclaims turn on the ownership of the copyrighted materials at

2

issue. To adjudicate the motion for summary judgment, the court must determine which party owns the copyrighted materials. Thus, for purposes of the motion for summary judgment, it is not possible to draw a meaningful distinction between Baxter's copyright infringement claim and Chapin's counterclaims for declaratory relief and conversion. Because the court cannot consider the merits of Chapin's counterclaims without also considering the merits of Baxter's claim against Chapin, the automatic stay prevents the court from considering at this time Chapin's Motion for Summary Judgment in its entirety.

IT IS THEREFORE ORDERED that these proceedings are STAYED as to Defendant and Counter Claimant Chapin until Chapin's bankruptcy action is terminated or relief is obtained from the automatic stay.

IT IS SO ORDERED.

DATED this 12th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE